# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DAVIS, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>    Defendant. | Case No. 16-cv-989-BAS(BLM)<br><br>**ORDER:**<br><br>**(1) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;**<br><br>**(2) CONDITIONALLY APPROVING PROPOSED SETTLEMENT CLASS; AND**<br><br>**(3) SETTING HEARING OF FINAL APPROVAL OF SETTLEMENT** |

      On September 21, 2015, Plaintiff Jimmie L. Davis filed a class-action complaint against Defendant Cox Communications California, LLC ("Cox") in San Diego Superior Court. (ECF No. 1-2.) Cox removed the case to federal court. (ECF No. 1.) The operative Complaint alleges: (1) unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*; (2) failure to pay overtime wages in violation of California Labor Code § 510; (3) failure to provide itemized wage and hour statements in violation of California Labor Code § 226; (4) failure to

pay wages when due in violation of California Labor Code §§ 201-203; and (5) violations of the Private Attorney General's Act ("PAGA") in violation of California Labor Code § 2698. (ECF No. 24.) Now pending before this Court is the parties' joint motion for preliminary approval of class action settlement (ECF No. 29 ("Joint Motion")), which seeks an order conditionally certifying a proposed settlement class, preliminarily approving class action settlement, and setting a hearing for final approval of the settlement.

I.  **PROPOSED SETTLEMENT**

The proposed settlement agreement (ECF No. 29-2 ("Settlement" or "Settlement Agreement")) applies to 287 class members ("Class" or "Class Members") defined as, "all non-exempt, non-field technical employees who worked for Cox in California from August 23, 2012 until January 20, 2017." (Settlement ¶¶ 5, 17.) The parties agree that the Class shall be provisionally certified, and that, subject to the Court's approval, Blumenthal, Nordrehaug and Bhowmik will be appointed as Class Counsel. (*Id.* ¶ 6e.) Jimmie Davis will appointed Class Representative. (*Id.* ¶ 6f.)

Cox agrees to provide a non-reversionary fund ("gross value fund") of $275,000, from which will be deducted any Court-approved attorney's fees (counsel will request 25% of the fund or $68,750), costs (not exceeding $10,000), enhancement award for Davis (counsel will request $5,000), and administrative costs (estimated to be $10,000). (Settlement ¶¶ 11-13.) The parties further agree that the PAGA award shall be $4,000 and $3000 of the gross value fund shall be allocated to the state's 75% share for the payment to the Labor Workforce Development Agency ("LWDA") to extinguish any PAGA Claims arising within the scope of the release. (Settlement ¶¶ 11, 13d.) Class members will receive a portion of the remaining net fund value (estimated to be at least $178,250) based on the number of workweeks they worked during the class period. (*Id.* ¶¶ 14g, 15.)

//

Once their portion of the net class fund is calculated, class members will be mailed a check and will have 180 days to cash the check. (Settlement ¶ 14g.) The Class Administrator will send out a reminder to class members to cash the check 150 days after mailing. (*Id.*) Any uncashed check amounts will be paid to the California Department of Labor Standards Enforcement Unpaid Wage Fund with an identification of the Settlement class member who failed to cash the check. (*Id.* ¶ 15c.) The amounts received shall be considered wages and are subject to legally required withholding. (*Id.* ¶ 15d.) Cox will pay employer-paid withholding, payroll taxes, and similar expenses outside the gross value fund. (*Id.*)

Plaintiff will dismiss without prejudice the meal and rest period derivative claims asserted in the original complaint and agree that this Settlement is not based upon any allegations underlying those meal and rest period claims. (Settlement ¶¶ 4, 23.) Class members will release any claims for failure to pay the proper amount of overtime or derivative claims for penalties. (*Id.* ¶ 23.)

The parties request that the Court appoint CPT Group as the Claims Administrator ("CPT"). Cox will provide CPT with the last known address of each Class Member, and CPT will mail notice to each Class Member. (Settlement ¶ 17.) Notice will include Cox's calculation of each Class Member's work weeks of employment (and will provide a mechanism for Class Members to challenge this calculation), as well as the resulting estimated settlement amount for each Class Member. (*Id.*)

Class Members will be given the opportunity to object and/or opt out of the Settlement. Cox reserves the right of rescission if 10% or more Class Members opt out of the Settlement. (Settlement ¶ 22.)

## II. ANALYSIS

### A. Class Certification (for Settlement Purposes Only)

Here, the Parties seek to certify a class for settlement purposes only. Federal Rule of Civil Procedure 23(a) provides that a class may be certified "only if (1) the

class is so numerous that joinder of members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition to meeting the Rule 23(a) requirements, a class action must fall into one of the categories laid out in Rule 23(b). Fed. R. Civ. P. 23(b). The parties seek to certify the class under Rule 23(b)(3). Both Rules 23(a) and 23(b) are satisfied in this case.

### 1. Rule 23(a)

#### a. Numerosity

The numerosity requirement is generally satisfied when the class contains 40 or more members, a threshold exceeded in this case. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995); *Cleano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007). The parties represent that there are 287 Class Members. (Settlement ¶ 17.) That number is large enough that individual joinder of all class members would be impracticable. Rule 23(a)(1) is therefore satisfied.

#### b. Commonality

The commonality requirement requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, the class claims all stem from Defendant's alleged violation of California Labor Code overtime requirements. Because Class Members here have the same or similar allegations, there are common questions of law and fact and Rule 23(a)(2) is satisfied.

#### c. Typicality

In general, the claims of the representative parties "need not be substantially identical" to those of all absent class members and need only be "reasonably co-extensive" in order to qualify as typical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Here, the Named Plaintiff's claims that Defendant failed to properly pay him overtime pay are identical or nearly identical to those of the other

Class Members. Rule 23(a)(3) is therefore satisfied.

### d. Adequacy of Representation

For the class representative to adequately and fairly protect the interests of the class, two criteria must be satisfied. "First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Picture, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Here, the Named Plaintiff has vigorously pursued the action thus far and appears capable of continuing to do so. (*See* Bhowmit Decl. ¶ 28, ECF No. 29-2.) Counsel appear qualified, competent, and experienced in class-action lawsuits. (Bhowmit Decl. ¶ 29, Ex. 2.) The Named Plaintiff also has no antagonistic or conflicting interests with the Class Members. Although he seeks an incentive award in addition to his award as a class member, this does not necessarily mean he has a conflicting interest with the remaining class members. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) ("[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class action cases" and "do not, by themselves, create an impermissible conflict between class members and their representatives[.]"). Rule 23(a)(4) thus appears to be satisfied.

### 2. Rule 23(b)

The parties seek to maintain their class action under Rule 23(b)(3). Under Rule 23(b)(3), "[p]laintiffs must also demonstrate that a class action is 'superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Otsuka v, Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 448 (N.D. Cal. 2008) (citing Fed. R. Civ. P. 23(b)(3)). "Where classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation," and it is superior "if no realistic alternative exists." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). The following factors are

pertinent to this analysis:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

In this case, the alternative to a class action would be to have the individual Class Members file 287 separate lawsuits. That would be both impractical and inefficient. Such individual litigation would consume judicial resources, impose additional burdens and expenses on the litigants, and present a risk of inconsistent rulings. Thus, the Court finds class action is superior to other methods for fairly and efficiently adjudicating this controversy.

### B. Fairness, Reasonableness, and Adequacy of the Proposed Settlement

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.3d 1268, 1276 (9th Cir. 1992). However, according to Federal Rule of Civil Procedure 23(e)(2), "the court may approve [a settlement that would bind class members] only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

In determining whether the proposed settlement is fair, reasonable, and adequate, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of proceedings; the experience and views of counsel; the presence of a

governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). There is no governmental participant and it is premature at this point to judge the reaction of the class members to the proposed settlement. Therefore, the Court considers the first four of these factors below.

### 1. Strength of Plaintiff's Case, and Risk of Further Litigation

In this case, Cox does not admit liability, denies any wrongdoing and denies the Plaintiffs are entitled to any damages. (Bhowmik Decl. ¶ 11.) Cox maintains that it has complied at all times with the California Labor Code and all applicable California and federal laws. (*Id.*) Thus, Class Counsel faced the likelihood of protracted litigation including a contested class certification motion, motion for summary judgment, trial and appeal, each with its own risk and uncertainties. (Bhowmik Decl. ¶ 18.)

Furthermore, Class Counsel recognizes that there are legislative efforts underway which could make it more difficult to obtain class certification. (Bhowmik Decl. ¶ 20.) Even if the Class was certified, future motions to decertify were possible.

Finally, Class Counsel faced the risk of losing the penalty claims. Without these penalties, the amount of the overtime underpayment claim standing alone is relatively small. (Bhowmik Decl. ¶ 20.) Thus, although Class Counsel believed they had meritorious claims and that class certification was appropriate on all of the claims asserted (Bhowmik Decl. ¶ 8), they faced risks in further litigation.

### 2. Consideration Offered

Class Counsel in this case retained an expert, DM&A, to prepare a damage valuation in advance of the mediation with Cox. (Bhowmik Decl. ¶ 18.) Counsel indicates that the $275,000 gross value fund "represents roughly 100% of the alleged overtime damages and penalties estimate by Plaintiff, assuming these amounts could be proven in full at trial." (Bhowmik Decl. ¶ 20.) The Settlement amount only settles the overtime claims, and any other claims may be pursued on an individual basis.

(*Id.*) The Settlement requires no further participation from Class Members. As long as they don't opt out, they will receive a check in the mail. (Bhowmik Decl. ¶ 15.)

Even if Plaintiff and Class Members might have received greater compensation had they gone to trial, this does not mean that the settlement is inadequate. *See Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998). "[The] very essence of a settlement is a compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). Under the circumstances, the Court concludes that the consideration offered in the Settlement Agreement is sufficient for approval.

### 3. Extent of Discovery Completed and Stage of Proceedings

"[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. In this case, Class Counsel represents that they have done a thorough investigation into the facts of the case, propounded discovery and engaged in mediation with a mediator well-qualified in wage and hour disputes. (Bhowmik Decl. ¶ 23.) Counsel reviewed thousands of time punch and payroll records related to Class Members. (*Id.*) And, as discussed above, Class Counsel retained a damages expert. (*Id.* ¶ 18.) Thus, the Court finds this factor also supports the settlement.

### 4. Experience and Views of Counsel

Generally, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *cf. Stull v. Baker*, 410 F. Supp. 1326, 1332 (S.D. N.Y. 1976) (holding that the court should consider the recommendation of counsel, and weight it according to counsel's caliber and experience). Here, due especially to the experience and knowledge of Class Counsel, their recommendations are presumed to be reasonable, and this factor accordingly favors approval.

//

## C. Fairness Hearing and Required Notice to Parties

### 1. Notice Requirements

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Rule directs:

> The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

The proposed settlement agreement anticipates that the parties will retain the services of a third-party Claims Administrator, CPT Group ("CPT"). Cox will provide CPT with the last known address of each Class Member, and CPT will mail notice to each Class Member. (Settlement ¶ 17.) Notice will include Cox's calculation of each Class Member's work weeks of employment (and will provide a mechanism for Class Members to challenge this calculation) as well as the resulting estimated settlement amount for each Class Member. (*Id.*)

The Court has reviewed the proposed Notice as well as the notice procedures and finds that it satisfies the requirements of Rule 23(c)(2)(b).

//
//

### 2. Fairness Hearing

Rule 23(e)(2) requires that "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "The purpose of a fairness hearing is to provide the court with sufficient evidence for it to make an informed decision relating to the fairness of the proposed settlement." *UAW v. General Motors Corp.*, 235 F.R.D. 383, 386 (E.D. Mich. 2006). A fairness hearing need not have all the procedures and protections of a full trial; it is a forum for intervenors to voice their objections and for the fairness of the settlement to be determined, and a court is within its discretion to limit the hearing as necessary to meet those objectives. *UAW*, 235 F.R.D. at 386; *Tenn. Ass'n of Health Maint. Org., Inc. v. Grier*, 262 F.3d 559, 567 (6th Cir. 2001).

Here, in their Settlement Agreement, the parties agree to a framework for Class Members who either wish to opt-out or to object to the proposed Settlement. (Settlement ¶ 13f.)

## III. CONCLUSION & ORDER

In light of the foregoing, he Court **GRANTS** the parties' joint motion for preliminary approval of the class action settlement (ECF No. 29), and hereby **ORDERS** the following:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies a class for settlement purposes only.
2. The class shall consist of "all non-exempt, non-field technical employees who worked for Cox in California from August 23, 2012 until January 20, 2017."
3. The Court hereby appoints Jimmie Davis as Class Representative.
4. The Court hereby appoints Blumenthal, Nordrehaug and Bhowmik as Class Counsel to represent the Class.
5. The Court appoints CPT Group as Claims Administrator.

6. Defendant is directed to provide the Claims Administrator the Class Data List as specified in the Settlement Agreement no later than 10 business days after this order.

7. The Class Administrator is directed to mail notice to the Class 10 business days after receiving the Class Data List.

8. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at a Final Approval Hearing.

9. The Court will hold a Final Approval Hearing on **August 14, 2017** at **11:00 a.m.** in the Courtroom of the Honorable Cynthia Bashant, United States District Court for the Southern District of California, Courtroom 4B (4th Floor – Schwartz), 221 West Broadway, San Diego, CA 92101, for the following purposes:

   a. Finally determining whether the Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and whether the Class should be certified for the purposes of effectuating the Settlement;

   b. finally determining whether the proposed Settlement of the case on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved and ordered by the Court; and

   c. ruling upon such other matters as the Court may deem just and appropriate.

10. Before the Fairness Hearing, Defendant shall file with the Clerk of the Court proof of their compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. In compliance with Federal Rule of Civil Procedure 23(b)(3), the Class Members will be permitted to exclude themselves from the class.

12. Briefs for the Final Approval Hearing must be filed with the Clerk of the Court no later than 28 days prior to the final approval hearing.

13. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

14. Class Members who desire to object to the fairness of the settlement must file written objections with the Clerk of the Court within 45 calendar days after the notices are mailed ("Objection Deadline").

15. Class Members must also provide a copy of the written objections to CPT Group at the address provided in the Notice.

16. All objections must include the objector's full name, address, and telephone number, along with a statement of the reasons for his or her objection, whether or not he or she intends to appear at the fairness hearing, and, if the objector intends to appear, whether he or she will appear on his or her own behalf or through counsel.

17. All objections must be filed with the Clerk of the Court and served on the parties' counsel no later than the Objection Deadline. Objections that do not contain all required information or that are received after the Objection Deadline will not be considered at the Final Approval Hearing.

18. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise.

19. Any response by the Plaintiff to the objections of Class Members must be filed with the Clerk of the Court no later than 14 calendar days after the objection deadline.

20. Class Members who seek to opt out of the settlement must notify the Class Administrator (CPT Group) within 45 calendar days after notices are mailed that he or she seeks to be excluded from the class. The request

for exclusion must include the Class Member's full name, signature, address, telephone number and last four digits of his or her social security number.

21. Class Counsel shall file with the Clerk of this Court their application for attorney's fees, costs, and expenses no later than 14 calendar days before the Objection Deadline, sufficiently in advance of the expiration of the objection period that any Class Member will have sufficient information to decide whether to object or opt out and, if applicable, to make an informed objection.

22. The meal-and-rest-period claims and derivative claims asserted in the original complaint are dismissed without prejudice and the Settlement will not be based upon any allegations underlying those meal and rest period claims.

23. The Parties are ordered to carry out the Settlement Agreement in the manner provided in the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: April 26, 2017

Hon. Cynthia Bashant
United States District Judge