1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16
17

| | |
|---|---|
| JIMMIE L. DAVIS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS CALIFORNIA, LLC,<br><br>Defendant. | Case No. 16-cv-00989-BAS(BLM)<br><br>**ORDER GRANTING ATTORNEYS' FEES, COSTS AND INCENTIVE AWARD**<br><br>**[ECF No. 31]** |

18   Plaintiff's counsel files an unopposed Motion for Attorneys' Fees, Costs and
19   Incentive Award requesting $68,750 in attorneys' fees, $20,000 reimbursement for
20   costs ($10,000 for costs incurred by Plaintiff's counsel and $10,000 to the Class
21   Administrator for administering the settlement), and $5,000 as an incentive award for
22   the named Plaintiff Jimmie L. Davis.  (ECF No. 31.)

23   The Court held a hearing on the issue on August 14, 2017.  At the hearing,
24   Plaintiff's counsel requested that the hearing be continued to allow for proper CAFA
25   noticing.  Plaintiff's counsel has now filed a Status Report Re: Final Approval of
26   Settlement.  (ECF No. 34.)

27   At the hearing, the Court also asked Plaintiff's counsel for information
28   regarding the $10,000 requested in Class Administrator fees.  Counsel indicated he

would check on the basis for this request and file supplemental pleadings justifying the amount by the end of September.   On October 3, 2017, Plaintiff filed a Supplemental Declaration of Kyle Nordrehaug to the Motion for Final Approval of Settlement providing additional information regarding the request for $10,000 in administrative costs, including the Class Administrator's invoice.  (ECF No. 35.)

After reviewing the time sheets and invoice and considering the arguments of counsel both oral and written, the Court concludes that the amounts requested for attorneys' fees, costs, Class Administrator costs, and incentive award are reasonable and **GRANTS** the Motion for Attorneys' Fees, Costs and Incentive Award, along with Plaintiff's requested costs incurred by Plaintiff's counsel.

## I.   STATEMENT OF FACTS

On September 21, 2015, Plaintiff filed a class action Complaint against Cox Communications California, LLC ("Cox") in San Diego Superior Court for unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*; failure to provide accurate statements in violation of California Labor Code § 226; and failure to provide wages when due in violation of California Labor Code §§ 201-203.  (ECF No. 1-2.)  On April 25, 2016, Cox removed the action to federal court. (ECF No. 1.)  The parties conducted some discovery, and Plaintiff's counsel filed an amended Complaint adding allegations of failure to provide overtime wages in violation of California Labor Code §§ 510 *et seq.* and a violation of the Private Attorney General's Act ("PAGA") in violation of Labor Code § 2698.  (ECF No. 24.) The parties then engaged in a full day mediation with Steven Rottman, culminating eventually in this Settlement Agreement (attached as Exhibit 2 to the Declaration of Norman Blumenthal in Support of Motion for Final Approval of Class Settlement ("Blumenthal Dec."), ECF No. 32-2 ("Settlement" or "Settlement Agreement"). (Blumenthal Dec. ¶ 3.)

Pursuant to the Settlement, Cox agrees to provide a non-reversionary fund ("gross value fund") of $275,000, from which will be deducted any Court-approved attorney's fees (counsel is requesting 25% of the fund or $68,750), costs of $10,000, enhancement award for Davis (counsel is requesting $5,000), and administrative costs of $10,000.  (Settlement ¶¶ 11-13; Blumenthal Dec.; Declaration of Tarus Dancy on Behalf of Claims Administrator with Respect to Notification, ECF No. 32-3 ("Dancy Dec.") ¶ 12.)  The parties further agree that the PAGA award shall be $4,000 and 75% of this shall be allocated to the state's share for the payment to the Labor Workforce Development Agency ("LWDA") to extinguish any PAGA Claims arising within the scope of the release.  (Settlement ¶¶ 11, 13d.)  Class Members will receive a portion of the remaining net fund value based on the number of workweeks they worked during the class period.  (*Id.* ¶¶ 14g, 15.)  The average gross payment to each Settlement Class Member is $677.76.  (Dancy Dec. ¶ 11.)

Once their portion of the net class fund is calculated, Class Members will be mailed a check and will have 180 days to cash the check.  (Settlement ¶ 14g.)  The Class Administrator will send out a reminder to Class Members to cash the check 150 days after mailing.  (*Id.*)  Any uncashed amounts will be paid to the California Department of Labor Standards Enforcement Unpaid Wage Fund with an identification of the Settlement Class Member who failed to cash the check.  (*Id.* ¶ 15c.)  The amounts received shall be considered wages and are subject to legally required withholding.  (*Id.* ¶ 15d.)  Cox will pay employer-paid withholding, payroll taxes, and similar expenses outside the gross value fund.  (*Id.*)

Plaintiff will dismiss without prejudice the meal and rest period derivative claims asserted in the original complaint and agree that this Settlement is not based upon any allegations underlying those meal and rest period claims.  (Settlement ¶¶ 4, 23.)  Class Members will release any claims for failure to pay the proper amount of overtime or derivative claims for penalties.  (*Id.* ¶ 23.)

16cv0989

## II.    LEGAL STANDARD

Courts have an independent obligation to ensure that the attorneys' fees and class representative awards, like the settlement, are reasonable.  *In re Bluetooth Headsets Products Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  Where a settlement produces a common fund for the benefit of the entire class, the courts have the discretion to employ a "percentage of recovery method."  *Id.* at 942.  Typically, courts calculate 25% of the fund as a "bench mark" for a reasonable fee award.  *Id.* The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases."  V*izcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Thus, court are encouraged to cross-check this method by employing the "lodestar method" as well.  *In re Bluetooth*, 654 F.3d at 949.

In the "lodestar method," the Court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work.  *In re Bluetooth*, 654 F.3d at 941.  The hourly rate may be adjusted for the experience of the attorney.  *Id.*  The resulting amount is "presumptively reasonable."  *Id.* at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonable expended.'"  *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).  The Court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class.  *In re Bluetooth*, 654 F.3d at 942.

"[I]ncentive awards that are intended to compensate class representatives for work undertaken on behalf of a class are fairly typical in class actions cases" and "do not, by themselves, create an impermissible conflict between class members and their representative[]."  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015).  Nonetheless, the Court has obligation to assure that the amount requested

16cv0989

is fair.  *In re Bluetooth*, 654 F.3d at 941.  "The propriety of incentive payments is arguably at its height when the award represents a fraction of the class representative's likely damages . . . But we should be more dubious of incentive payments when they make the class representative whole, or . . . even more than whole."  *In re Dry Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013).

## III.   ANALYSIS

Turning first to the percentage of recovery method for calculating attorneys' fees, the Court notes that the amount requested is 25% of the gross value fund provided by Cox.  This amount is generally accepted as reasonable.  However, the Court cross-checks the amount with a lodestar calculation.

Plaintiff's counsel attaches time sheets detailing 159 hours totaling $87,375.50 and requests that this be considered the lodestar.  (Blumenthal Dec. ¶ 3, Ex. 3.)  Having reviewed the time sheets, the Court finds the amount of time expended is reasonable and the rates (ranging from $175 to $795 an hour) are reasonable given the experience of the attorneys.  (Blumenthal Dec., Ex. 1.)  The lodestar is less than the amount requested by counsel under the percentage of recovery method.

The Court further notes that counsel details the serious risks of no recovery or limited recovery, yet advanced more than $15,000 in costs which would not have been recoverable if the case had been lost.  (Blumenthal Dec. ¶¶ 6e, f, i.)  Additionally, counsel represents they were precluded from taking other cases "and, in fact, had to turn away meritorious fee generating cases."  (Blumenthal Dec. ¶ 6d.)  For all of these reasons, the Court finds the amount requested, or $68,750 is reasonable.

Plaintiff further requests reimbursement of costs in the amount of $10,000 despite detailing actual costs incurred in the amount of $17,013.41.  (Blumenthal Dec. ¶ 9, Ex. 3.)  The Court has reviewed these costs.  Although the Court finds that the request for reimbursement for Lexis-Nexis research may not be warranted (*see*

*Pierce v. County of Orange,* 905 F. Supp. 2d 1017, 1046 (C.D. Cal. 2012), even if these costs were backed out of the total, the amount still exceeds the amount requested by Plaintiff's counsel: $17,013.14 in costs less $3,014 for computerized research, still exceeds the $10,000 requested. The Court finds the remaining amounts reasonable and **GRANTS** Plaintiff's request for costs in the amount of $10,000.

Plaintiff also requests $5,000 incentive award for Jimmie L. Davis. Plaintiff's counsel represents that this named plaintiff provided information and documentation for employment and assisted with settlement negotiations. (Blumenthal Dec. ¶ 10.) Additionally, Plaintiff's counsel indicates that Plaintiff risked being "blacklisted" by future employers for filing this Complaint. (*Id.*) Hence, the Court finds the $5,000 requested is reasonable.

Finally, Plaintiff files an affidavit from the Class Administrator indicating that the cost of administering the class is $10,000. (Dancy Dec. ¶ 12.) Plaintiff filed a supplemental declaration and itemized invoice from the Class Administrator detailing the specific costs incurred. (ECF No. 35.) The Court has reviewed these costs. The Class Administrator incurred a total of $13,629.18 to administer the settlement, and the requested costs reflects a discount of $3,629.18. Hence, the Court finds that the $10,000 requested is reasonable.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees, Costs and an Incentive Award. (ECF No. 31.) The Court grants Plaintiff $68,750 in attorneys' fees, $10,000 in costs, $5,000 for the named plaintiff as an incentive award, and $10,000 to the Class Administrator.

**IT IS SO ORDERED.**

**DATED: October 24, 2017**

**Hon. Cynthia Bashant**
**United States District Judge**